IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ACACIA WILLIAMS, DREAM DEFENDERS,
NEW FLORIDA MAJORITY,
ORGANIZE FLORIDA, TERRIAYNA SPILLMAN,
RAY WINTERS, KATHLEEN WINTERS,
and BIANCA MARIA BAEZ

    Plaintiffs,

v.    CASE NO. 1:20cv67-RH-GRJ

RON DESANTIS, in his official capacity
as Governor of the State of Florida,
LAUREL M. LEE, in her official capacity as
Florida Secretary of State, and FLORIDA
ELECTIONS CANVASSING COMMISSION,

    Defendants.

_____/

## ORDER DENYING A TEMPORARY RESTRAINING ORDER

The Florida presidential primary has been in progress through voting by mail and early in-person voting and is concluding with in-person voting today, Tuesday, March 17, 2020. At 9:29 p.m. on Monday, March 16, the plaintiffs filed this lawsuit seeking a fundamental alteration in the manner in which further voting will be conducted. At 11:16 p.m., the plaintiffs moved for a temporary restraining order

Case No. 1:20cv67-RH-GRJ

or preliminary injunction. The defendants have entered appearances but, not surprisingly, have not yet responded to the complaint or motion.

The factual basis for the lawsuit and motion is substantial: the ongoing covid-19 national healthcare emergency. Going to the polls may risk infection of individual poll workers and voters and thus may advance the spread of the disease, increasing the already-substantial risk that the nation's healthcare capacity will eventually be overrun. Responsible supervisors of elections can take steps to reduce but not eliminate the risk.

Some voters are at greater risk than others. And the steps that responsible individuals have already taken to reduce the risk of spreading the virus—for example, by leaving college campuses—will make it difficult or impossible for some to vote.

As a prerequisite to a temporary restraining order or preliminary injunction, a plaintiff must establish a substantial likelihood of success on the merits, that the plaintiff will suffer irreparable injury if the injunction does not issue, that the threatened injury outweighs whatever damage the proposed injunction may cause a defendant, and that the injunction will not be adverse to the public interest. *See*, *e.g.*, *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

At this hour, with voting in progress, a temporary restraining order would be adverse to the public interest. At least until the polls close, and under all the circumstances, it will be in the public interest to allow the Governor, Secretary of State, and Supervisors of Elections to perform their respective roles. The national healthcare emergency is not a basis to cancel an election, and the plaintiffs do not assert it is.

This order makes no ruling on the merits. The order also makes no ruling on whether the plaintiffs' claims will become moot when the polls close or will instead either support a claim for relief affecting this primary or be capable of repetition yet evading review. A separate order will be entered setting procedures going forward.

IT IS ORDERED:

The motion for a temporary restraining order is denied. The motion for a preliminary injunction remains pending and will be addressed through further procedures after the polls close.

SO ORDERED on March 17, 2020.

s/Robert L. Hinkle
United States District Judge

Case No. 1:20cv67-RH-GRJ