IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

GAINESVILLE DIVISION

| | |
|---|---|
| ACACIA WILLIAMS, DREAM DEFENDERS, NEW FLORIDA MAJORITY, ORGANIZE FLORIDA, RAY WINTERS, KATHLEEN WINTERS, and BIANCA MARIA BAEZ<br><br>Plaintiffs,<br><br>v.<br><br>RON DESANTIS, in his official capacity as Governor of the State of Florida, LAUREL M. LEE, in her official capacity as Florida Secretary of State, and FLORIDA ELECTIONS CANVASSING COMMISSION,<br><br>Defendants. | Case No. 1:20-cv-67-RH- GRJ |

## PLAINTIFFS' RENEWED MOTION FOR A TEMPORARY RESTRAINING ORDER

In the Order denying Plaintiffs' motion for a temporary restraining order, this court indicated that the impact of the coronavirus on today's election may yet "support a claim for relief affecting this primary." (ECF No. 12.) The evidence from around the state, as reflected in the attached declarations of Rose Marie Barfield, Murray Heller, Cierra Medina, Jessica Alcocer, Carolyn Thompson, and Marina

1

Golan-Vilella, demonstrates that the relief Plaintiffs seek in this litigation remains urgent and necessary to ensure the election reflects the will of all Floridians who want to participate. Accordingly, pursuant to Federal Rule of Civil Procedure 65(a) and (b), Plaintiffs respectfully renew their request that this Court issue a temporary restraining order and a preliminary injunction enjoining Defendants DeSantis, Lee, and the Florida Elections Canvassing Commission, to take whatever steps are necessary to permit Floridians unable to vote at the polls today to request and return a vote-by-mail ballot during the period immediately following today's election. Specifically, with respect to vote-by-mail balloting,[1] Plaintiffs request the same relief as they sought in the TRO filed on March 16, 2020 (ECF No. 4), as follows:

(1) <u>Extend deadlines for requesting and returning vote-by-mail ballots</u>.

    a. Extend the deadline to request a vote-by-mail ballot from 10 days before the election to March 24, 2020. Although this deadline is after Election Day, it is before the date through which counties will be counting military and overseas voters' ballots (March 27), and such an extension is necessary to make access to vote-by-mail under these emergency circumstances meaningful.

---

[1] Plaintiffs no longer seek curbside voting, which is applicable only in the context of election day polling procedures. For the same reason, Plaintiffs no longer seek public service announcements and other information about polling place changes.

    b. Accept returned vote-by-mail ballots and count them as long as they are postmarked by March 24, 2020, or later and are received by March 27, 2020, the existing deadline for receipt of ballots cast by military and overseas voters.

(2) <u>Expand vote-by-mail options</u>.

    a. Waive the requirement that any individual complete an Election Day Vote-by-Mail Ballot Delivery Affidavit as a condition of obtaining a vote-by-mail ballot. The present state of emergency establishes every voter's eligibility to obtain their vote-by-mail ballot on or after Election Day.

    b. Allow all voters to request that their ballot be sent to them via e-mail or fax, an option currently available only to military and overseas voters.

    c. Provide drop-boxes for the return of vote-by-mail ballots at polling sites, and accept ballots returned via drop-boxes regardless of which precinct or county they are returned to.

    d. Allow voters to designate other individuals to return their ballots in person, by mail, or via drop-boxes, and waive the current limit of two ballots per designee. Currently, designees may collect and return ballots only for two voters other than themselves and may only return them in person or by mail.

(3) <u>Communicate critical information to Florida voters</u>.

    a. Develop state-wide public service announcements to be transmitted via print, radio, and social media to alert Floridians to the expanded opportunities to vote.

This motion is based on Plaintiffs Complaint (ECF No. 1) and the declarations of Rose Marie Barfield, Murray Heller, Cierra Medina, Jessica Alcocer, Carolyn Thompson, and Marina Golan-Vilella, attached hereto. Plaintiffs also incorporate by reference their Memorandum of Law in support of their Motion for a Temporary Restraining Order and Preliminary Injunction dated March 16, 2020 (ECF No. 4), and the declarations attached thereto.

Plaintiffs respectfully request that this matter be set for telephonic oral argument on an expedited basis.

Dated: March 17, 2020                    Respectfully submitted,

                                                By:   */s/ Kira Romero-Craft*

                                                        Kira Romero-Craft

| | |
|---|---|
| CHIRAAG BAINS* | JUDITH A. BROWNE DIANIS* |
| Dēmos | GILDA DANIELS* |
| 740 6th Street NW, 2nd Floor | JESS UNGER* |
| Washington, DC 20001 | SHARION SCOTT* |
| (202) 864-2746 | Advancement Project National Office |
| cbains@demos.org | 1220 L Street N.W., Suite 850 |
| | Washington, D.C. 20005 |
| STUART NAIFEH* | (202) 728-9557 |
| KATHRYN C. SADASIVAN* | jbrowne@advancementproject.org |
| MIRANDO GALINDO* | gdaniels@advancementproject.org |

EMERSON GORDON-MARVIN*
Dēmos
80 Broad St, 4th Floor
New York, NY 10004
(212) 485-6055
snaifeh@demos.org
ksadasivan@demos.org
mgalindo@demos.org
egordonmarvin@demos.org

junger@advancementproject.org
sscott@advancementproject.org

KIRA ROMERO-CRAFT
(FL SBN 49927)
LatinoJustice PRLDEF
523 West Colonial Drive
Orlando, Florida 32804
(321) 418-6354
kromero@latinojustice.org

FRANCISCA FAJANA*
JACKSON CHIN*
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 739-7572
ffajana@latinojustice.org
jchin@latinojustice.org

*Attorneys for Plaintiffs*

*Application for admission pro hac vice forthcoming*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

GAINESVILLE DIVISION

| | |
|---|---|
| ACACIA WILLIAMS, DREAM DEFENDERS, NEW FLORIDA MAJORITY, ORGANIZE FLORIDA, RAY WINTERS, KATHLEEN WINTERS, and BIANCA MARIA BAEZ<br><br>Plaintiffs,<br><br>v.<br><br>RON DESANTIS, in his official capacity as Governor of the State of Florida, LAUREL M. LEE, in her official capacity as Florida Secretary of State, and FLORIDA ELECTIONS CANVASSING COMMISSION,<br><br>Defendants. | Case No. 1:20-cv-67-RH- GRJ |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF RENEWED MOTION FOR A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

The United States is facing a pubic health emergency created by the COVID-19 virus, which has threated the health and well-being of millions of Americans, shuttered schools and businesses, and led public health officials to recommend that Americans remain at home and avoid public gatherings. But today, the State of

Florida conducted its Presidential Preference Primary ("PPP") without making any accommodation for those impacted by the current public health crisis. As a result, without emergency relief ordered by this Court, Plaintiffs will be entirely deprived of the opportunity to vote in the Presidential Preference Primary, in violation of their rights under the First and Fourteenth Amendments to the United States Constitution.

**FACTUAL BACKGROUND**

Most of the facts relevant to this motion are set forth in Plaintiffs' original Motion for a Temporary Restraining order and are incorporated here by reference. Below, Plaintiffs set forth new facts that have come to light today during the course of voting in an election in which no accommodations were made to address the impact of the coronavirus pandemic.

**I.   The March 17, 2020, Presidential Preference Primary.**

As election day began, Supervisors of Elections around the state faced shortages of poll-workers after many withdrew or failed to show up at their assigned polling sites. *E.g.*, "The Latest: DNC chair urges vote-by-mail in primary states," Associated Press (Mar. 17, 2020) (noting that in Palm Beach County, 800 poll-workers had withdrawn as of Monday, March 16, 2020), *available at* https://wgem.com/2020/03/17/the-latest-florida-polls-open-in-presidential-primary/. For example, in Okeechobee, Florida, one individual, a seventy-three-year-old voter with chronic health conditions, withdrew from her planned work as a

2

poll worker out of concern that being around other people in this time of coronavirus would put her health at too high a risk. Declaration of Rose Marie Barfield, ¶¶ 2-4.

The evidence so far is that turnout in today's election will be low, despite record numbers of voters who voted early and by mail. Carolyn Thompson, a long-time voter protection advocate who visited multiple polling precincts in Broward County today, observed low voter turnout in at least six of these polling locations. Decl. of Carolyn Thompson, ¶¶ 3, 6-7. In previous PPP elections, Ms. Thompson observed "fifty to one hundred" people in line at these same sites. *Id.* ¶ 7. Today, there was a trickle of "only one or two voters" in the 30 minutes she spent observing each polling location. *Id.* ¶ 6.

II. **Existing Emergency Balloting Procedures Failed to Enable Many to Floridians to Vote.**

Despite the difficulties experienced at polling places, Supervisors of Elections were making no exceptions to the rules for obtaining emergency vote-by-mail ballots that voters can complete at home and return by the close of polling. Under normal circumstances, such ballots are available on election day only to voters experiencing an emergency that keeps them from voting at their assigned polling places. The process is cumbersome, requiring the voter to complete an affidavit explaining the emergency as well as, often, a vote-by-mail ballot request form. If the voter wishes to send someone else to pick up the ballot, the voter and the designee must both sign a separate form making the designation. Although the entire nation is facing an

emergency that has resulted in many people being advised to stay away from public gatherings, Defendants failed to authorize supervisors to relax these requirements in any way, and calls to several supervisors indicated most were continuing to strictly comply with these procedures. Declaration of Marina Golan-Vilella, ¶¶ 5-14. One county even imposed its own heightened requirements, demanding a doctor's note corroborating the voter's emergency, and that requirement remained in effect today. *See* Miami-Dade County Ordinances, § 12-14(b). In at least one case, a supervisor was not permitting any voters to obtain vote-by-mail ballots, even if they were willing and able to comply with the requirements. Golan-Vilella Decl. ¶ 5. In another case, apparent confusion over the requirements lead to an individual seeking to obtain a ballot for her grandmother having to make multiple tripsto the supervisor's office, taking a total of four hours to obtain all of the required forms,. Declaration of Jessica Alcocer, ¶¶ 6-9.

### III. Defendants' Failure to Expand Voting Opportunities Prevented Many Floridians From Participating.

In addition to the Plaintiffs and their members, whose obstacles to voting are set forth in Plaintiffs' original Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 4), and the declarations attached there to, many other Florida voters were unable to vote due to Defendants' failure to extend the vote-by-mail deadline or offer other accommodations. For example, Rose Marie Barfield, a seventy-three year old resident of Okeechobee County, with

diabetes and high blood pressure, wanted to vote early in person last Friday, March 13, 2020. However, due to the public news about the unsafety of COVD-19 contagion, she decided it would be too great a risk to her health to work the polls or go in for early voting. She also did not vote this Tuesday primary for the same reasons. She would have voted by mail if it had been possible. Declaration of Rose Marie Barfield.

Likewise, Murray Heller is an eighty-six year old voter who did not vote today because he is afraid to leave his home in Delray Beach, Florida, during the COVID-19 public health crisis. Mr. Heller would have voted in person at his local polling station today if there were no public health emergency. He has found news reports of the spike in cases, and the higher risk of severe and even fatal outcomes for elderly persons who contract COVID-19 to be "pretty frightening." Mr. Heller would vote in Florida's Presidential Primary Election if he could request and submit a mail ballot. Declaration of Murray Heller.

Cierra Medina, a thirty-year-old resident of Broward County, and a pregnant mother with two toddlers to care for, stated that before the COVID-19 public health crisis, she planned to go in person to her local polling site to cast her ballot. Medina Decl. ¶ 2. As a result of the public health emergency caused by COVID-19 contagion, fearing for her health, and that of her unborn child and two toddlers who are at home with her because their school has been canceled, Ms. Medina did not

vote in person today in Broward County. Medina Decl. ¶¶ 5-8. She would have voted by mail if that had been an option. Medina Decl. ¶¶ 9-10.

The stories of Plaintiffs, their members, and these other voters is typical of the experience of voters throughout the State.[2]

## LEGAL STANDARD

Plaintiffs seek a Temporary Restraining Order ("TRO") and a Preliminary Injunction ("PI") pursuant to Federal Rule of Civil Procedure 65 (a) and (b), to enjoin defendants to ensure that all eligible Florida electors whether they be mandatorily quarantined, self-quarantined, self-distancing, displaced by the pandemic or otherwise prevented from casting a regular ballot on election day by the novel corona virus, COVID-19, and who desire to vote in the primary preference primary election in Florida are able to cast a ballot that counts.

To prevail on a motion for a TRO and PI, a movant must establish: (1) a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury in the absence of the requested injunctive relief; (3) that the threatened harm outweighs the harm that the nonmovant would suffer if the

---

[2] See, e.g., WESH2, "Complete 2020 Florida presidential primary election results" (Mar. 17, 2020) ("Jonathan Castoire, a Broward County telecommunications engineer, said it was too dangerous for him to vote, because he has multiple sclerosis and his voting station is in a senior center. Castoire said he tried calling elections officials for help, but got nowhere, leaving him feeling like he has been given 'an ultimatum' to choose between his health and his right to vote.")

injunctive relief is issued; and (4) that the injunctive relief would not be adverse to the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (setting out the standard for a preliminary injunction); *Windsor v. United States*, No. 09-13998, 2010 WL 1999138, at *4 (11th Cir. May 10, 2010) (noting that the standard for a temporary restraining order is identical to the standard for a preliminary injunction). "The purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *United States v. Alabama*, 791 F.2d 1450, 1459 (11th Cir. 1986) (affirming grant of a preliminary injunction).

**ARGUMENT**

As laid out in more detail in Plaintiffs' original Motion for an Emergency Temporary Restraining Order and Preliminary Injunction, and as briefly reiterated below, Plaintiffs are entitled to a temporary restraining order mandating the additional voting opportunities sought in this motion. Plaintiffs are likely to prevail on the merits as Florida's statutory scheme has totally denied many voters the opportunity to cast a ballot in the PPP and put others in the untenable position of choosing between their own or their family's health and well-being and exercising their fundamental right to vote.

The Plaintiffs and the other Floridians who have submitted declarations in support of this motion could not and did not predict the COVID-19 pandemic.

Neither did the poll workers who did not show up today or polling sites that ultimately closed in accordance with federal guidance against gatherings of more 10 people. Now, with the election over and the deadline to apply for and cast a vote-by-mail ballot long past, these voters will be wholly deprived of their right to vote without intervention by this court. Under this court's precedent, as well as the precedent of other courts in the Eleventh Circuit in analogous situations, this severe burden on the right to vote cannot be countenanced under our constitutional system. *See Georgia Coalition for the Peoples' Agenda v. Deal*, 214 F.Supp.3d 1344 (S.D. Ga. 2016) (granting emergency preliminary injunction extending voter registration deadline for one week where state officials' failure to extend deadline, despite mandatory evacuations imposed due to hurricane, violated plaintiffs First and Fourteenth Amendments); *Florida Democratic Party v. Scott*, 215 F. Supp. 3d. 1250, 1257 (N.D. Fla. 2016) (finding that Florida's statutory voter registration deadline, which permitted no change in the deadline in the event of emergency, "completely disenfranchises thousands of voters, and amounts to a severe burden on the right to vote.").

The total denial of a meaningful opportunity to cast a ballot in the PPP constitutes irreparable injury that cannot be remedied absent action by this Court—action that the Court can and has exercised in past states of emergency. As this Court said in another emergency impacting an election "[o]f course, the State of Florida

has the ability to set its own deadlines and has an interest in maintaining those deadlines . . . [b]ut it would be nonsensical to prioritize those deadlines over the right to vote, especially given the circumstances here." 215 F. Supp. 3d at 1258.

With the end of in-person voting in today's PPP, any burden on the State in *extending* the vote-by-mail deadlines and relaxing the other vote-by-mail requirements will be slight, especially compared to the total deprivation of the right to vote faced by Plaintiffs, their members, and thousands of other Floridians. Thus, the balance of the equities favors issuing the TRO and Preliminary Injunction plaintiffs seek.

Finally, a TRO and Preliminary Injunction are in the public interest. In general, "the public has a strong interest in exercising the fundamental political right to vote. That interest is best served by favoring enfranchisement and ensuring that qualified voters' exercise of their right to vote is successful." *Obama for Am. v. Husted*, 697 F.3d 423, 436-437 (6th Cir. 2012) (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006)) (internal citations and quotations omitted). "The public interest therefore favors permitting as many qualified voters to vote as possible." *Obama for Am.*, 697 F.3d at 437. With the polls closed, there is now no countervailing public interest in allowing elections officials to conduct Election Day business while "voting is in progress," as this Court noted in denying the initial motion this morning. Order Denying a Temporary Restraining Order at 3 (ECF No. 12). A TRO allowing the

modest extension to the vote-by-mail deadline that Plaintiffs seek will allow as many qualified Floridians to vote as possible and will advance the public interest.

## CONCLUSION

For the foregoing reasons, this Court should enter a Temporary Restraining Order awarding the requested relief.

Dated: March 17, 2020

Respectfully submitted,

By: */s/ Kira Romero-Craft*
    Kira Romero-Craft

CHIRAAG BAINS*
Dēmos
740 6th Street NW, 2nd Floor
Washington, DC 20001
(202) 864-2746
cbains@demos.org

STUART NAIFEH*
KATHRYN C. SADASIVAN*
MIRANDO GALINDO*
EMERSON GORDON-MARVIN*
Dēmos
80 Broad St, 4th Floor
New York, NY 10004
(212) 485-6055
snaifeh@demos.org
ksadasivan@demos.org
mgalindo@demos.org
egordonmarvin@demos.org

JUDITH A. BROWNE DIANIS*
GILDA DANIELS*
JESS UNGER*
SHARION SCOTT*
Advancement Project National Office
1220 L Street N.W., Suite 850
Washington, D.C. 20005
(202) 728-9557
jbrowne@advancementproject.org
gdaniels@advancementproject.org
junger@advancementproject.org
sscott@advancementproject.org

KIRA ROMERO-CRAFT
(FL SBN 49927)
LatinoJustice PRLDEF
523 West Colonial Drive
Orlando, Florida 32804
(321) 418-6354
kromero@latinojustice.org

FRANCISCA FAJANA*
JACKSON CHIN*
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901

10

New York, NY 10115
(212) 739-7572
ffajana@latinojustice.org
jchin@latinojustice.org

*Attorneys for Plaintiffs*

*\*Application for admission pro hac vice forthcoming*

## **CERTIFICATE OF WORD COUNT**

Pursuant to Northern District of Florida Local Rule 7.1(F), I certify that, according to the word count of the word processing system used to prepare this document, the foregoing memorandum contains 2,872 words.

*/s/ Kira Romero-Craft*
Kira Romero-Craft
