# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

| | |
|---|---|
| ACACIA WILLIAMS, DREAM DEFENDERS, NEW FLORIDA MAJORITY, ORGANIZE FLORIDA, RAY WINTERS, KATHLEEN WINTERS, and BIANCA MARIA BAEZ<br><br>Plaintiffs,<br><br>v.<br><br>RON DESANTIS, in his official capacity as Governor of the State of Florida, LAUREL M. LEE, in her official capacity as Florida Secretary of State, and FLORIDA ELECTIONS CANVASSING COMMISSION,<br><br>Defendants. | Case No. 1:20-cv-67-RH- GRJ |

## RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order dated March 18, 2020 (ECF No. 18), the parties to this case, by and through their respective counsel, jointly submit this Rule 26(f) Report and Proposed Scheduling Order:

1

## **RULE 26(f) CONFERENCE**

Pursuant to Rule 26(f), the parties held a meeting on April 6, 2020. Counsel participating on behalf of the plaintiffs were:

>Kira Romero-Craft
>Francisca Fajana
>LatinoJustice PRLDEF
>523 West Colonial Drive
>Orlando, Florida 32804
>(321) 418-6354

>Gilda Daniels
>Sharion Scott
>Advancement Project National Office
>1220 L Street N.W., Suite 850
>Washington, D.C. 20005
>(202) 728-9557

>Stuart C. Naifeh
>Miranda Galindo
>Kathryn C. Sadasivan
>Emerson Gordon-Marvin
>Dēmos
>80 Broad St, 4th Floor
>New York, NY 10004
>(212) 485-6055

Counsel participating on behalf of the defendants were:

>For Defendant Ron De Santis, in his official capacity as Governor of the State of Florida:

>Nicholas A. Primrose
>Executive Office of the Governor
>400 S. Monroe Street, PL-5
>Tallahassee, FL 32399
>nicholas.primrose@eog.myflorida.com

For Defendant Laurel Lee, in her official capacity as Secretary of State for the State of Florida:

Ashley E. Davis
Florida Department of State
R.A. Gray Building
500 S. Bronough Street
Tallahassee, FL 32399-0250
Tel: (850) 245-6511
ashley.davis@dos.myflorida.com

Tara R. Price
George N. Meros, Jr.
Holland & Knight LLP
315 South Calhoun Street, Suite 600
Tallahassee, FL 32301
(850) 224-7000
george.meros@hklaw.com
tara.price@hklaw.com

**JURISDICTION**

This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because plaintiffs assert claims arising under the Constitution of the United States, Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. §§ 1983 and 1988.

The court separately has original jurisdiction over this action pursuant to 28 U.S.C. § 1343 because plaintiffs assert claims to redress the deprivation, under color of State law, of rights, privileges, and immunities secured by the Constitution of the

United States and federal law, and because Plaintiffs bring this action to secure equitable relief under federal laws providing for the protection of voting rights.

There are no issues regarding personal jurisdiction or venue.

**SUMMARY OF CLAIMS AND DEFENSES**

**A.     Claims**

Plaintiffs have asserted that Defendants' enforcement of Florida's vote-by-mail deadlines and other voting procedures at this time of national public health emergency unduly burdens the right to vote of Florida citizens, including the individual plaintiffs and members of the plaintiff organizations, who are confined at home or who have been forced to take up temporary residence out of state, in violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. §§ 1983 and 1988. Plaintiffs have further asserted that Defendants' failure to make reasonable voting accommodations for elderly citizens and citizens with health conditions that increase their risk of death or other serious health consequences should they contract COVID-19, including some of the individual plaintiffs and members of the plaintiff organizations, violates Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131, et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

**B.      Defenses**

Plaintiffs' Complaint and Motion for Preliminary Injunction solely relates to the Presidential Preference Primary. All of the dates in the Complaint and Motion for Preliminary Injunction have passed, as has the opportunity for the relief requested by Plaintiffs. Plaintiffs' claims with regard to the Presidential Preference Primary are now moot.

That said, Defendants understand that Plaintiffs intend to amend their Complaint to add new Plaintiffs and to include new allegations with regard to the August Primary Election and November General Election. Defendants also understand that Plaintiffs intend to supplement their Motion for Preliminary Injunction to address relief sought in advance of these elections. Because Defendants are unaware of the allegations that Plaintiffs intend to make in the future, it is difficult to meaningfully address Plaintiffs' claims at this time or to identify an exhaustive list of issues that the Court will need to determine. It is unclear why any of the Plaintiffs are unable to timely request a vote-by-mail ballot for elections that are still months away. Defendants deny Plaintiffs' allegations of violations of constitutional or federal law.

At a minimum, in addition to the issues identified above by the Plaintiffs, additional disputed legal issues that will need resolution will include the mootness

and/or ripeness of Plaintiffs' claims and whether the Plaintiffs have standing to pursue their claims.

## SETTLEMENT DISCUSSIONS

The Parties have considered possibilities for promptly settling or resolving the case. Those settlement discussions will continue so long as the Parties believe that progress may be made.

## CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The Parties have conferred regarding consent to proceed before a magistrate judge.

## SUBJECTS AND NATURE OF DISCOVERY

**A. Subjects of Discovery by Plaintiff**

Issues on which plaintiffs will need to conduct discovery include, *inter alia*, the following:

- The impact of Florida's vote-by-mail rules and polling-place procedures on voters affected by the COVID-19 crisis in the 2020 Presidential Preference Primary;

- The feasibility of changes to Florida's vote-by-mail rules and polling-place procedures to mitigate the impact of the COVID-19 crisis on voters in future elections;

- The impact of Florida's voter registration and voter-roll maintenance procedures on the ability of voters impacted by the COVID-19 crisis to register to vote, update their voter registrations, and/or obtain mail ballots;

- Any and all defenses raised by Defendants.

**B.     Subjects of Discovery by Defendants**

Defendants anticipate conducting discovery that involves, *inter alia*, Plaintiffs' standing as well as the nature of Plaintiffs' claims.  Defendants will have a better sense of what discovery is necessary after Plaintiffs file their amended complaint.

**C.     Electronically Stored Information**

Plaintiffs expect to seek discovery of ESI material including, but not limited to, communications, databases, memoranda, spreadsheets, and other electronic documents. To the extent any relevant and responsive material contains confidential voter information, the parties discuss the terms of a protective order to the extent permitted by law if production of the documents is necessary.  The parties agree to produce, to the extent feasible, all ESI material in its original format, inclusive of metadata.

IDENTIFICATION OF DOCUMENTS PRODUCED

> A. Generally. Each page of each document produced shall bear a unique Identification Number (a/k/a Bates number). The Identification Number shall consist of two parts: (i) a prefix identifying the producing party; and (ii) a page number.

B. Page Number. The Page number shall be ten digits. Documents produced shall be so paginated in production order. Any gaps in number shall be identified contemporaneously with production by the producing party.

MANNER OF PRODUCTION

A. Service of Production via Tangible Media. Unless consent in writing is provided otherwise, documents shall be produced via online file transfer system, a DVD, or portable hard drive ("media") to designated counsel (to be identified) for the receiving party containing one copy of each document and associated metadata and related information.

B. Cover letter/email. The media shall be accompanied by a cover letter/email indicating the contents of the media, including the Bates number range(s) of the contents, the date of production, and the identity of the producing party.

C. Service. In addition to furnishing the media and cover letter/email to the designated counsel for the receiving party, the producing party shall contemporaneously serve courtesy copies of the cover letter (only) on certain other designated counsel via e-mail.

OTHER PROVISIONS

Electronic discovery shall be limited to ESI that is reasonably available and accessible to the responding party in the ordinary course of business. The Parties shall review all ESI that has been identified as containing relevant discoverable information for responsiveness and privilege.

In accordance with guidelines described herein, the Parties shall produce ESI that is responsive and not privileged or otherwise protected. The parties agree that identification, review, redaction and logging of privileged communications can be

costly and time consuming. To limit the cost of a privilege review and make document production more efficient, the parties agree to use the protocols described below with respect to handling responsive documents that may include privileged information.

    1.    A party may use the following method to satisfy the need to produce a Privilege Log.

    a. Rather than producing a Privilege Log that requires that a manually generated privilege description be included on a log, the parties may, for electronic documents of all types, provide instead a meta-data based Privilege Log that identifies the privileged document's beginning and ending Bates number; the document family's beginning and ending Bates number; the nature of the privilege claim; whether the document is being produced in redacted form; whether the document stands alone, has attachments (in the case of an email), or is an attachment; the custodian from whom the document was collected; the type of document; the file name or subject line (in the case of an email); the date the document was modified or sent; the document's author; and the "from", "to", "cc", and "bcc" fields if the document is an email. No additional description, narrative or information need be provided in the meta-data Privilege Log to satisfy the producing party's obligations. Both parties acknowledge that the meta-data for email and corresponding attachments will be based on and extracted from the top email in any responsive email chain and stand-alone documents will be manually populated in the absence of meta-data, and that this will satisfy all obligations pursuant to this paragraph. This provision does not apply to paper documents.

    b.    Upon receipt of the Privilege Log, the Receiving Party will have five (5) business days to identify any document designated on the privilege log for which it in good faith and for good cause requires more information in order to assess the claim of privilege. The parties will meet and confer within five (5) business days of such identification to determine if the receiving party's questions can be resolved in a manner other than through the Producing Party providing a more detailed Privilege Log line with regard to such disputed items. If the parties cannot resolve any such disputed items,

the Receiving Party must, within five (5) business days of any final "meet-and-confer" between the parties regarding the disputed items, send a written notice to the Producing Party listing the specific document(s) on the Privilege Log for which it is requesting a traditional privilege log line. Subject to the right of either party to file a motion for protective order or motion to compel at any time as appropriate under the court's rules, the Producing Party will within five (5) business days of receipt of such written notice provide traditional privilege log lines for the listed document(s). The time to produce such a log will be stayed by the filing of a motion for a protective order or motion to compel with regard to such disputed items until such time as the motion is resolved. In the event that a party determines in good faith that, because of the number of disputed items, compliance with the five (5) day requirement is not reasonably feasible, the parties will meet and confer to set a reasonable time period for production of the traditional privilege log entries.

c.   Nothing in this stipulation changes the requirements of state or federal law as to what constitutes a document or communication protected by an applicable privilege or immunity. Moreover, nothing in this stipulation precludes a Producing Party from satisfying their Privilege Log obligations through any other means that meet the requirements of federal law.

2.   The parties need not include or identify, on any privilege or work product log in response to document requests, privileged documents constituting:

a.   communications between any party or parties and counsel for that party or parties that: (i) were for the purposes of litigating this case, or were in anticipation of litigation regarding the allegations made in this litigation; (ii) postdate the establishment of an attorney-client relationship between counsel and the party; and (iii) were not disclosed to anyone who, at the time of the disclosure, was a third party to the attorney-client relationship;

b.   communications between attorneys or their agents and litigation experts or consultants; and

c.   documents created by then-current counsel (or by any employee or agent of then-current counsel) for the purpose of litigating this case, or in anticipation of litigation relating to allegations in this case, and not disclosed

10

to anybody who, at the time of the disclosure, was not a client of the firm creating the document at issue, an attorney for aligned parties in this case.

The Parties do not expect that the cost and time required for disclosure or production of ESI will be beyond what is reasonably available and accessible to the Parties in the ordinary course of business. The Parties have agreed to keep discovery requests narrowly tailored and to work together to reduce the time and cost of production where possible.

The Parties have taken reasonable measures and adopted procedures to preserve potentially discoverable ESI that is relevant to this litigation from alteration or destruction in the ordinary course of business.

Any inadvertently produced information shall be returned to the party who inadvertently produced such information, and production of such information shall not constitute a waiver of any attorney-client, work product, or other applicable privilege or protection.

**D.     Issues of Privilege or Protection**

None anticipated.

**PRE-TRIAL PROCEEDINGS AND TRIAL**

The parties agree a hearing on Plaintiffs motion for a preliminary injunction should be consolidated with the trial on the merits.

**DISCOVERY PLAN AND PRE-HEARING SCHEDULE**

The parties propose the following schedule for discovery and pretrial motions.

11

A.  **Discovery Plan**

- Initial disclosures pursuant to Rule 26(a)(1) shall be served no later than April 20, 2020.

- Initial sets of interrogatories, requests for admission, and requests for production shall be served on or before May 4, 2020.

- The number of depositions, interrogatories, requests for admission, and requests for production shall be subject to the limits set forth in Federal Rules of Civil Procedure 26, 30, 33, 34, and 36.

- Plaintiffs shall disclose the name, address, and curriculum vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before May 18, 2020.

- Defendants shall disclose the name, address, and curriculum vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before June 1, 2020.

- All discovery shall be completed no later than June 5, 2020.

- Pretrial disclosures pursuant to Rule 26(a)(3) shall be filed on or before June 26, 2020.

- Objections to any Rule 26(a)(3) disclosures must be filed on or before July 3, 2020.

B.  **Amendments to the Pleadings**

- Plaintiffs anticipate amending their complaint to join additional parties and to assert facts and raise claims concerning elections occurring after the Presidential Preference Primary. Plaintiffs shall file their amended complaint or, to the extent leave of the court is required, shall seek leave to amend their complaint no later than April 20, 2020.
- Defendants shall file any responsive pleading or motion no later than May 11, 2020.

C.  **Pretrial Conference**

- The parties suggest that a final pre-trial conference be scheduled for the week of July 6.

D.  **Motions and Briefing**

The parties request that the court modify the briefing schedule for plaintiffs' motion for a preliminary injunction as follows:

- Defendants are no longer obligated to file a response to Plaintiffs' existing preliminary injunction motion by April 20, 2020.
- Plaintiffs shall supplement their motion with additional facts and argument or shall file a superseding motion for a preliminary injunction no later than May 18, 2020.

- Defendants shall file their response to Plaintiffs' initial and supplemental preliminary-injunction motions no later than June 17, 2020.

- Plaintiffs shall file their reply in support of their preliminary-injunction motion no later than June 24, 2020.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

Dated: April 13, 2020                                Respectfully submitted,

*s/ Nicholas A. Primrose*                            *s/ Kira Romero-Craft*

*Attorneys for Defendant                             KIRA ROMERO-CRAFT
    Ron DeSantis*                                    (FL SBN 49927)
                                                     LatinoJustice PRLDEF
FOR DEFENDANTS                                       523 West Colonial Drive
RON DESANTIS, in his official                        Orlando, Florida 32804
capacity as GOVERNOR OF THE                          (321) 418-6354
STATE OF FLORIDA:                                    kromero@latinojustice.org

Joseph W. Jacquot                                    JUDITH A. BROWNE DIANIS**
Nicholas A. Primrose                                 GILDA DANIELS**
Joshua E. Pratt                                      JESS UNGER**
Executive Office of the Governor                     SHARION SCOTT**
400 S. Monroe St., PL-5                              Advancement Project National Office
Tallahassee, FL 32399                                1220 L Street N.W., Suite 850
Tel: (850) 717-9310                                  Washington, D.C. 20005
joe.jacquot@eog.myflorida.com                        (202) 728-9557
nicholas.primrose@eog.myflorida.com                  jbrowne@advancementproject.org
joshua.pratt@eog.myflorida.com                       gdaniels@advancementproject.org
                                                     junger@advancementproject.org
                                                     sscott@advancementproject.org

14

*s/ Brad McVay*
*Attorneys for Defendant*
   *Laurel M. Lee*

LAUREL LEE, in her official capacity as SECRETARY OF STATE FOR THE STATE OF FLORIDA:

Brad McVay
Ashley E. Davis
Florida Department of State
R.A. Gray Building
500 S. Bronough Street
Tallahassee, FL 32399-0250
Tel: (850) 245-6511
brad.mcvay@dos.myflorida.com
ashley.davis@dos.myflorida.com

George N. Meros, Jr.
Tara R. Price
Holland & Knight LLP
315 South Calhoun Street, Suite 600
Tallahassee, FL 32301
Tel: (850) 224-7000
george.meros@hklaw.com
tara.price@hklaw.com

CHIRAAG BAINS*
Dēmos
740 6th Street NW, 2nd Floor
Washington, DC 20001
(202) 864-2746
cbains@demos.org

STUART NAIFEH*
KATHRYN C. SADASIVAN*
MIRANDO GALINDO**
EMERSON GORDON-MARVIN**
Dēmos
80 Broad St, 4th Floor
New York, NY 10004
(212) 485-6055
snaifeh@demos.org
ksadasivan@demos.org
mgalindo@demos.org
egordonmarvin@demos.org

FRANCISCA FAJANA*
JACKSON CHIN**
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 739-7572
ffajana@latinojustice.org
jchin@latinojustice.org

*Attorneys for Plaintiffs*

*\*Admitted pro hac vice*

*\*\*Application for admission pro hac vice forthcoming*