# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

KIRK NIELSEN et al.,

    Plaintiffs,

v.

RON DESANTIS et al.,

    Defendants.

CONSOLIDATED
CASE NO. 4:20cv236-RH-MJF

_____/

## ORDER DISMISSING THE NIELSEN AND
## WILLIAMS CLAIMS AND REFERRING THE GRUBB
## CLAIM FOR A SETTLEMENT CONFERENCE

The plaintiffs in these two consolidated actions challenge Florida voting procedures in various respects. There are three sets of plaintiffs—the original plaintiffs in each of the two actions and a third set of plaintiffs who intervened. The two sets of original plaintiffs—sometimes referred to as the Nielsen plaintiffs and the Williams plaintiffs—have entered into a settlement agreement with some of the defendants. The settlement agreement calls for dismissal of all claims of these two sets of plaintiffs, some with and some without prejudice as set out in this

order. The claims of the intervening plaintiffs—sometimes referred to as the Grubb plaintiffs—have not been settled.

Because of the settlement agreement, only the Grubb plaintiffs' claims will go forward. The Grubb plaintiffs' unopposed motion for a settlement conference before a magistrate judge was granted on the record of the hearing on July 20—a hearing that occurred at the time when the trial had been scheduled to begin. The unopposed request of some of the defendant Supervisors of Elections to continue the trial to July 27 also was granted on the record.

Earlier orders dismissed the claims of the plaintiffs Acacia Williams, Bianca Maria Baez, and Zebra Coalition, and the plaintiffs abandoned their claims against the Florida Elections Canvassing Commission in its name. Judgment confirming these dismissals were not entered under Federal Rule of Civil Procedure 54(b). I now expressly determine that there is no just reason for delay and direct the clerk to enter judgment as set out below.

In Case No. 1:20cv67, the judgment will be entered under Federal Rule of Civil Procedure 54(b). In Case No. 4:20cv236, the judgment will be a Federal Rule of Civil Procedure 58 final judgment, because the Grubb plaintiffs intervened only in Case No. 1:20cv67. The consolidated docket will remain open, and filings should continue to be made only in the consolidated docket, except as otherwise indicated in the order consolidating the case, ECF No. 67 in Case No. 4:20cv236.

IT IS ORDERED:

1. The Nielsen plaintiffs' motion to voluntarily dismiss, ECF No. 603, is granted.

2. The clerk must enter judgments in each of the consolidated actions that, as appropriate in the specific action, (a) dismiss all claims of the plaintiffs Acacia Williams and Bianca Maria Baez without prejudice, (b) dismiss all claims of the plaintiff Zebra Coalition for lack of jurisdiction, (c) dismiss all claims against the Florida Elections Canvassing Commission in its name for lack of jurisdiction, (d) dismiss, with prejudice as to the state-level defendants and without prejudice as to the county-level defendants, the Williams plaintiffs' claim challenging the failure to provide an accessible method for virtually or manually impaired voters to cast a private and independent mail ballot, and (e) dismiss all other claims of the Nielsen and Williams plaintiffs with prejudice.

3. The trial of the Grubb plaintiffs' claim is continued to July 27, 2020, at 10:00 a.m.

4. The motion for a settlement conference before a magistrate judge, ECF Nos. 597 and 598, is granted. The Grubb plaintiffs' claim is referred to Magistrate Judge Martin A. Fitzpatrick for a settlement conference. Judge Fitzpatrick will control all scheduling and procedural matters relating to the settlement conference. Judge Fitzpatrick will have no further role in the case; any further matter referred

to a magistrate judge will be referred to a different magistrate judge. Everything said during the settlement conference—other than the terms of any settlement agreement itself—is confidential and inadmissible as a settlement negotiation. *See* N.D. Fla. Loc. R. 16.3.

    5. The Grubb plaintiffs' motion, ECF No. 586, for leave to file a supplemental trial brief is granted. The brief, ECF No. 586-1, is deemed properly filed.

    6. The state defendants' motion, ECF No. 587, to supplement their exhibit list is granted.

    7. The Grubb plaintiffs' motion, ECF No. 594, to amend their exhibit list, witness list, and deposition designations is granted.

    8. All other pending motions are denied as moot.

    SO ORDERED on July 20, 2020.

s/Robert L. Hinkle<br>United States District Judge